

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 7, 1960

Judge Penn J. Jackson, Chairman
State Board of Insurance
International Life Building
Austin 14, Texas

Opinion No. WW-877

Re: Increase in premium
rates of statewide mutual
assessment companies
and local mutual aid asso-
ciations.

Dear Sir:

We have considered your opinion request of May 4, 1960, in which the question is raised whether or not the board of directors of a mutual assessment association may order an assessment increase without the approval of the State Board of Insurance in the situation where a provision of the policy contract states that the board of directors may increase the assessment subject to the approval of the State Board of Insurance.

The answer is "yes".

The State Board of Insurance is required by Art. 14.23 of the Insurance Code to direct the board of directors of a mutual assessment association to order an increase in assessment rates where the current assessment and funds on hand are inadequate to pay the reasonable expenses and claims of the association. Attorney General Opinion WW-817. It is only in this situation that Art. 14.23 confers this responsibility on the State Board of Insurance. Otherwise, it is the responsibility of the management of the mutual assessment associations to make rate increases subject to the provisions of their respective charters, by-laws and insurance contracts. Attorney General Opinion WW-817.

In some of the mutual assessment companies there are policies which contain the provision that if the present assessment charged the members is insufficient to pay the claims in full, then the board of directors shall order an increase with the approval of the State Board of Insurance. Stated in another way, the question is, then, whether or not this type of contractual provision requires the board of directors to secure approval of the State Board of Insurance before an assessment increase is ordered?

Article 14.23 does not require that the State Board of Insurance order increases in assessments of mutual assessment associations except in a certain situation.  It is elementary that an association by a contractual provision in its insurance policy cannot place a responsibility on the State Board of Insurance that the law does not.  Consequently, this contractual limitation on the board of directors is a nullity, and its fulfillment is not a prerequisite to an increase in assessments by the board of directors.

An additional reason for this conclusion is that the existing law governing the creation and supervision of mutual assessment companies, Chapter 14 of the Texas Insurance Code, forms a part of the insurance contract and is incorporated in it.  See Williston on Contracts, Vol. 3, Sec. 615.  The existing law only requires the State Board of Insurance to order the board of directors of a mutual assessment association to order an increase in assessment rates where the current assessment and funds on hand are inadequate to pay the reasonable expenses and claims of the association.

By the terms of the opinion request it appears that the current assessment rates are inadequate to meet the reasonable operating expenses of the association and pay the claims in full.  Art. 14.23 in such a situation requires the State Board of Insurance to order the board of directors to increase the assessment rate.  Such an increase in assessments, however, is occasioned by the provisions of Art. 14.23, and not by the terms of a policy contract.

## SUMMARY

The board of directors of a mutual assessment association may increase the assessment rate without the approval of the State Board of Insurance, even though the policy contract states that the State Board of Insurance must approve the increase.

Respectfully submitted,

WILL WILSON
Attorney General of Texas

By: Bob E. Shannon
Bob E. Shannon
Assistant Attorney General

BES:lmc

Judge Penn J. Jackson, page 3  (WW-877)


APPROVED:

OPINION COMMITTEE:

Gordon C. Cass, Acting Chairman
Houghton Brownlee
Dean Davis
Milton Richardson

REVIEWED FOR THE ATTORNEY GENERAL:
BY:  Leonard Passmore